Nicholson, C. J.,
delivered the opinion of the Court.
The Clerk and Master of the Chancery' Court at Lebanon, having in his hands as Clerk, the funds of various parties, subject to distribution under the orders of the Court, submitted to the Chancellor, by petition, the question, whether it was his duty, under section 33, of the Assessment Act of March 25th, 1873, to report said funds for assessment. The Chancellor held that the funds should be assessed for taxation, and that the same should be reported to the assessor for that purpose. From this holding the owners of the funds have appealed.
The section of the act of 1873, under which the question arises, is as follows:
Sec. 33. “That persons acting as executors, administrators, guardians, agents, or attorneys, or in any fiduciary capacity whatever, shall make a return of the property, money, credits and effects, held by them in either of said capacities, separate from their individ *822 ..ual , returns, and the same shall be listed separately for taxation,” etc.. .. .,
It, is insisted. for the appellants, that the true construction! of this section is,, that if the Clerk is merely the custodian of the property or moneys, the right of the parties being , fixed, the same should be assessed; in their names. But if the Clerk has ,a special property, in property or funds as trustee, etc., by virtue of an appointment of the Court, the real owners not being sui juris, or their rights not being settled, the amount should be made by and in the name of the Clerk.
"We are unable to discover in the language of the section, that the Legislature intended to make the distinction contended for. The leading object was to-provide the means by which all properties, moneys, etc., should be reached for taxation. To ascertain and assess all such property, money, etc., was the first thing to be secured. To affect this object, section 33 was intended to reach all such property, moneys, etc., not in actual possession or under the actual control of the owners thereof. Hence, it is made the duty of all persons acting as executors, administrators, guardians, agents, or in any fiduciary capacity whatever, to make return, etc. The language is as broad and comprehensive as words could make it. It was not intended that this duty should be confined to executors, .administrators,'guardians, and others acting in any (fiduciary capacity whatever, but it is expressly imposed, also, on “agents and attorneys.” That this language was used with the intention of embracing other agents *823 than those having a special property in funds, as trustee, etc., by virtue of an appointment of the Court, seems clear from the care with which it is provided, that “ agents or attorneys ” shall make returns, and then that all persons “ in any fiduciary capacity whatever,” shall also make returns. Hence, if it be true that the Clerk does not hold the fund in question in any fiduciary capacity whatever, under the appointment of the Court, which is by no means conceded, yet it is clear that he holds them as agent of the owners thereof, and as such is bound to return them for assessment.
We think argument is ab ineonvenienti, against this construction, is answered by the fact, that such funds are required to be returned separate from the Clerk’s individual returns; and by section 32, the assessments are to be returned to the County Court, where the owners of the funds can readily see whether or not their funds 'have been assessed twice, and have the error corrected.
We are of opinion that the Chancellor’s holding was correct, and we affirm it with costs.
Note. — The costs were ordered to be retained out of tbe funds in tbe bands of tbe Clerk.